**IN THE UNITED STATES DISTRICET COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVSION**

TRAND MICRO, INC.,

Plaintiff,

v.

TAASERA LICENSING LLC,

Defendant.

Case No. 3:22-cv-00518-N

**JURY TRIAL DEMANDED**

# DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT FOR LACK OF SUBJECT MATTER JURIDICTION, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY UNDER THE FIRST-TO-FILE RULE, AND TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Taasera Licensing LLC ("Taasera" or "Defendant") respectfully moves this Court to dismiss Plaintiff Trend Micro, Inc.'s ("Trend Micro" or "Plaintiff") case for lack of subject matter jurisdiction. In the alternative, Taasera respectfully moves this Court to transfer the case to the United States District Court for the Eastern District of Texas ("Eastern District") under the first-to-file rule. Additionally, Taasera respectfully moves this Court to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..........1

II. BACKGROUND ..........1

A. The Parties ..........1

B. Eastern District of Texas Action ..........2

C. The Instant Declaratory Judgment Action ..........3

III. ARGUMENT ..........3

A. The Complaint Should Be Dismissed Because Trend Micro Cannot Establish Subject Matter Jurisdiction ..........3

B. This Case Should be Transferred or, in the Alternative, Stayed Under the First-To-File Rule ..........7

C. The Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6) ..........11

IV. CONCLUSION ..........13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*,
466 F.3d 1000 (Fed. Cir. 2006)....................5

*In re Amerijet Int'l, Inc.*,
785 F.3d 967 (5th Cir. 2015)....................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................11, 12, 13

*Bank of Am. v. Berringer Harvard Lake Tahoe*,
No. 13-CV-585-G, 2013 WL 2627085 (N.D. Tex. June 12, 2013)....................10

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*,
729 F. Supp. 2d 789 (N.D. Tex. 2010)....................11

*Benitec Australia, Ltd v. Nucleonics, Inc.*,
495 F.3d 1340 (Fed. Cir. 2007)....................4

*Brown v. Texas A&M Univ. Sch. of L.*,
No. 4:15-CV-613-A, 2016 WL 206465 (N.D. Tex. Jan. 14, 2016)....................11

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999)....................7, 8, 9, 10

*Cobb Inv. Co., Inc. v. Piccadilly Cafeterias, Inc.*,
No. 00-91, 2000 WL 280021 (E.D. La. Mar. 14, 2000)....................9, 10

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
319 F.R.D. 269 (N.D. Cal. 2017)....................12

*Excentus Corp. v. Kroger Co.*,
No. 3:10-CV-0483-B, 2010 WL 3606016 (N.D. Tex. Sept. 16, 2010)....................8

*Futurewei Techs., Inc. v. Acacia Rsch Corp.*,
737 F.3d 704 (Fed. Cir. 2013)....................7

*Google LLC v. Sonos, Inc.*,
No. C 20-06754 WHA, 2020 WL 6822880 (N.D. Cal. Nov. 20, 2020)....................12

*Hewlett Packard Co. v. Acceleron LLC*,
587 F.3d 1358 (Fed. Cir. 2009)....................4

*MedImmune Inc. v. Genentech, Inc.*,
549 U.S. 118 (2009)....4, 6

*Nat'l Presort, Inc. v. Bowe Bell + Howell Co.*,
663 F. Supp. 2d 505 (N.D. Tex. 2009) ....5

*PetEdge, Inc. v. Marketfleet Sourcing, Inc.*,
No. 16-12562-FDS, 2017 WL 2983086 (D. Mass. July 12, 2017)....13

*Pilot Inc. v. NOCO Co.*,
No. CV-20-01452-PHX-SRB, 2021 WL 2188525 (D. Ariz. 2021) ....12

*Prasco, LLC v. Medics Pharm. Corp.*,
537 F.3d 1329 (Fed. Cir. 2008)....3

*SanDisk Corp. v. STMicroelectronics, Inc.*,
480 F.3d 1372 (Fed. Cir. 2007)....4

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir.1997) ....7, 8

*Sierra Wireless, Inc. v. MSTG, Inc.*,
No. 11 C 1031, 2011 WL 761487 (N.D. Ill. Feb. 24, 2011)....6, 7

*Strukmyer, LLC v. Infinite Fin. Sols., Inc.*,
No. 3:13-CV-3798-L, 2013 WL 6388563 (N.D. Tex. Dec. 5, 2013) ....8

*Tannerite Sports, LLC v. Jerent Enters., LLC*,
No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016)....12

*Tesco Corp. (US) v. Varco I/P, Inc.*,
No. CIVA H-05-2118, 2006 WL 2022912 (S.D. Tex. July 17, 2006) ....8

*The Chamberlain Group, Inc. v. Overhead Door Corp., et al.*,
Case No. 3:21-CV-00560-N, Dkt. 54 (N.D. Tex. Feb. 8, 2022)....10

*Victaulic Co. v. Romar Supply, Inc.*,
No. 3:13-CV-02760-K, 2013 WL 6027745 (N.D. Tex. Nov. 14, 2013) ....9

*Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*,
No. 16-cv-13456, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017)....13

**Other Authorities**

Fed. R. Civ. P. 8....12, 13

U.S. CONST. art. III ....3, 4

# I. INTRODUCTION

The instant declaratory judgment action should be dismissed for lack of subject matter jurisdiction because there is no case or controversy between Taasera and Trend Micro. Taasera filed suit in its home venue, the Eastern District of Texas, against Trend Micro's parent company, Trend Micro Incorporated ("Trend Micro Japan"). Taasera's allegations in that action are directed at Trend Micro Japan, not Trend Micro. Taasera has never threatened suit against Trend Micro, nor has it ever expressed intent to enforce its patents against Trend Micro. Taasera has never engaged in any conduct which gave rise to an immediate and concrete controversy between Trend Micro and Taasera supporting subject matter jurisdiction.

If this action is not dismissed, it should be transferred to the Eastern District of Texas under the first-to-file rule because this action was filed over three months after Taasera filed its Complaint in the Eastern District of Texas involving nearly identical parties and identical issues.

This action should also be dismissed for failure to state a claim because Trend Micro has wholly failed to provide a factual basis for its claims of non-infringement. Trend Micro's Complaint includes no allegations of fact, and merely repeats for each claim a statement "on information and belief" that its products do not infringe with no evidentiary basis.

# II. BACKGROUND

## A. The Parties

Taasera is the sole owner of all right, title, and interest in and to U.S. Patent Nos. 6,842,796 (the "'796 Patent"), 7,673,137 (the "'137 Patent"), 8,327,441 (the "'441 Patent"), 8,850,517 (the "'517 Patent"), 8,955,038 (the "'038 Patent"), 8,990,948 (the "'948 Patent"), 9,092,616 (the "'616 Patent"), 9,608,997 (the "'997 Patent"), and 9,923,918 (the "'918 Patent") (collectively, the "Patents-in-Suit"). Ex. 1, ¶ 16. The Patents-in-Suit generally cover systems and methods for network security systems. Five of the Patents-in-Suit were invented by International Business

Machines ("IBM"), and the remaining four Patents-in-Suit were invented by Taasera, Inc. *Id.*, ¶¶ 18, 19.

Taasera is a Texas corporation with its principal place of business located in Marshall, Texas. *Id.*, ¶ 1. Trend Micro is a corporation organized under the laws of California, with its principal place of business at 225 East John Carpenter Freeway, Irving, Texas 75062. Dkt. 1, ¶ 2. Trend Micro is a wholly owned subsidiary of Trend Micro America, Inc., and Trend Micro America, Inc. is a wholly owned subsidiary of Trend Micro Japan. Trend Micro Japan is a Japanese corporation whose stock is publicly traded on the Tokyo Stock Exchange, with a principal place of business located at Shinjuku Maynds Tower, 2-1-1 Yoyogi, Shibuya-ku, Tokyo, Japan 151-0053. Ex. 1, ¶ 2.

**B. Eastern District of Texas Action**

On November 30, 2021, Taasera filed a complaint against Trend Micro Japan in the Eastern District of Texas (the "E.D. Tex. Action") alleging infringement of the Patents-in-Suit. Ex. 1. In that complaint, Taasera alleges that Trend Micro Japan does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its subsidiaries, including Trend Micro. *Id.*, ¶ 2. In the E.D. Tex. Action, Taasera accuses Trend Micro Japan products, including at least Trend Micro OfficeScan, Cloud App Security, ScanMail for Microsoft Exchange, ScanMail for Lotus Domino, InterScan Messaging Security, InterScan Web Security, IM Security for Microsoft Lync, Portal Protect for Microsoft SharePoint, Smart Protection for Endpoints & Complete, Deep Discovery Inspector, Apex Central, Vision One, and Apex One (the "Accused Products") of infringing the Patents-in-Suit. *Id.*, ¶ 29. Trend Micro admits that it directs and controls the sale of the Accused Products in the United States. Dkt. 1, ¶ 6.

The summons for the E.D. Tex. Action was issued on December 1, 2021. Ex. 2. On April 7, 2022, Trend Micro Japan waived service of the summons. Ex. 3.

### C. The Instant Declaratory Judgment Action

On March 1, 2022, Trend Micro Japan and Trend Micro filed a first complaint for Declaratory Judgment against Taasera in this Court. Ex. 4. In that complaint, Trend Micro Japan and Trend Micro sought a declaratory judgment of non-infringement as to the Patents-in-Suit and reserved the right to assert invalidity as an affirmative defense if Taasera asserts infringement. *Id*., ¶ 1. This case was subsequently voluntarily dismissed three days later. Ex. 5.

On March 4, 2022, Trend Micro filed a second complaint against Taasera. Dkt. 1. This second complaint is virtually identical to the first complaint except for the removal of Trend Micro Japan as a plaintiff. *Compare* Ex. 4 *with* Dkt. 1. The Complaint requests a declaratory judgment of non-infringement as to the Patents-in-Suit and reserves the right to assert invalidity as an affirmative defense. Dkt. 1, ¶ 1. In the Complaint, Trend Micro alleges that each of the Accused Products named in the E.D. Tex. Action do not infringe the Patents-in-suit. *Id*., ¶¶ 33, 37, 41, 45, 49, 53, 57, 61, and 65.

## III. ARGUMENT

### A. The Complaint Should Be Dismissed Because Trend Micro Cannot Establish Subject Matter Jurisdiction

The Complaint should be dismissed because there is no case or controversy between Taasera and Trend Micro concerning the infringement of the Patents-in-Suit.

The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. *See Prasco, LLC v. Medics Pharm. Corp*., 537 F.3d 1329, 1335 (Fed. Cir. 2008). Instead, it provides a remedy if the court already has jurisdiction. *Id*. A federal court's jurisdiction under the Declaratory Judgment Act is limited by Article III which restricts the judicial power to actual

"cases" or "controversies." U.S. CONST. art. III; *Id.* The party seeking the declaratory judgment bears the burden of proving facts supporting the court's jurisdiction at the time the complaint was filed and throughout the case. *Benitec Australia, Ltd v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). Federal courts have jurisdiction only if the "facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2009).

"In the context of conduct prior to the existence of a license, declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement without some *affirmative act by the patentee*." *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (emphasis added). The case or controversy requirement can be satisfied by "conduct that can be reasonably inferred as demonstrating intent to enforce a patent . . . ." *Hewlett Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009). The court must decide whether the facts as pled would establish sufficient affirmative conduct by the patent holder asserting a specific patent against identified ongoing or planned activity of the declaratory judgment plaintiff. *SanDisk Corp.*, 480 F.3d at 1381. The question of whether conduct may be reasonably inferred as demonstrating such an intent is objective; the declaratory judgment plaintiff's subjective belief is "irrelevant." *Hewlett Packard Co.,* 587 F.3d at 1363.

Trend Micro alleges that an actual case or controversy exists between Trend Micro and Taasera solely because Taasera filed suit against its parent company, Trend Micro Japan, in another district. Trend Micro relies wholly on Taasera's Complaint in the E.D. Tex. Action to support its allegation that this Court has subject matter jurisdiction over this action. Dkt. 1, ¶¶ 5, 6, 19-30.

Trend Micro's allegations do not satisfy the Federal Circuit's "all circumstances" test because Taasera's conduct objectively shows that it does not intend to file suit against Trend Micro, and Trend Micro's "fears are speculative rather than due to an imminent threat." *Nat'l Presort, Inc. v. Bowe Bell + Howell Co*., 663 F. Supp. 2d 505, 513–14 (N.D. Tex. 2009).

Taasera filed suit in the Eastern District of Texas against Trend Micro Japan on November 30, 2021. Ex. 1. Despite knowing of Trend Micro, and its Irving, Texas, place of business, Taasera filed suit in its home court in Texas against the parent entity, Trend Micro Japan. Then, Trend Micro waited over three months to file its Complaint for declaratory judgment after Taasera filed the E.D. Tex. Action. Even though Taasera knew of Trend Micro and its activities, it has never threatened suit or taken steps to sue Trend Micro, and expressly declined to add Trend Micro to the E.D. Tex. Action. There is no case or controversy between Taasera and Trend Micro because each of the Patents-in-Suit are already asserted in the E.D. Tex. Action against Trend Micro's parent company. In fact, each of the nine claims for declaratory judgment of non-infringement in Trend Micro's complaint precisely mirror Taasera's claims for infringement in the E.D. Tex. Action, identifying the same Accused Products for each of the Patents-in-Suit.

Taasera's complaint alleges that Trend Micro Japan "knowingly and intentionally induc[ed] others, including Trend Micro [Japan] subsidiaries, customers, and end-users, to directly infringe." Ex. 1, ¶¶ 38, 49, 60, 75, 88, 104, 119, 133, 145. However, Taasera's complaint does not specifically name Trend Micro, nor does it imply that Taasera will even threaten suit against the users, customers, and subsidiaries induced by Trend Micro Japan. Once Taasera is compensated by Trend Micro Japan, the defendant in the E.D. Tex. Action, Taasera cannot recover additional damages from Trend Micro, which would be impermissible double recovery. *Aero Prods. Int'l, Inc. v. Intex Recreation Corp*., 466 F.3d 1000, 1020 (Fed. Cir. 2006) ("when the claims arise out

of the same set of operative facts, as is the case here, there may be only one recovery"). These circumstances taken together establish that there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune Inc.*, 549 U.S. at 127.

The Northern District of Illinois has considered a case with similar facts to those here and found that subject matter jurisdiction was lacking. In *Sierra Wireless, Inc*., plaintiffs brought a non-infringement declaratory judgment action after they had been identified as potential infringing defendants in earlier filed and ongoing suits brought by the patentee. *Sierra Wireless, Inc. v. MSTG, Inc*., No. 11 C 1031, 2011 WL 761487, at *1 (N.D. Ill. Feb. 24, 2011). The plaintiff of the earlier filed suits was aware of declaratory judgment plaintiffs because they were referenced "in discovery responses and in Final Infringement Contentions." *Id*. However, as the court noted, there was no allegation that the declaratory judgment defendant had taken steps to sue plaintiffs in the other patent infringement cases or threatened to immediately bring an action against plaintiffs. *Id*. The court held that plaintiffs had not shown an immediate and concrete controversy because the declaratory judgment defendant did not seek to add plaintiff to the earlier-filed suit, "even though [it] appears to be aware of facts connecting Plaintiffs to potential infringing activities." *Id*. The court also held that dismissal was appropriate to promote judicial efficiency because the earlier filed cases addressed infringement of the same Patents-in-Suit, stating that "issuing a declaratory judgment on the issues being addressed in those cases would present the possibility of conflicting decisions." *Id*.

The facts here are similar. It is publicly known that Trend Micro is the U.S. distribution entity for Trend Micro Japan. Ex. 6. But Taasera has never threatened suit against Trend Micro or sought to add it to the ongoing, earlier-filed E.D. Tex. Action. Accordingly, the Court should reach

the same conclusion here as the court in *Sierra Wireless, Inc.* because "there is no immediate and concrete dispute to be resolved in the instant action." 2011 WL 761487, at *1. Moreover, since the E.D. Tex. Action is currently addressing the same Patents-in-Suit against the same products, this action should be dismissed in the interest of judicial efficiency to prevent "the possibility of conflicting decisions." *Id.*

Accordingly, this Court does not have subject matter jurisdiction over this case, and it should be dismissed.

### B. This Case Should be Transferred or, in the Alternative, Stayed Under the First-To-File Rule

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 606. "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citation omitted).

Under the first-to-file rule, "the cases need not be identical; rather, the crucial inquiry is one of substantial overlap." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015), as revised (May 15, 2015) (internal quotation and citation omitted). Additionally, "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir.1997). "If this Court

finds that the issues in the two case[s] might substantially overlap, 'the proper course of action [is] for the court to transfer the case to the [Eastern District of Texas] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-CV-3798-L, 2013 WL 6388563, at *2 (N.D. Tex. Dec. 5, 2013) quoting *Cadle*, 174 F.3d at 606.

Here, Taasera filed its complaint in the E.D. Tex. Action on November 30, 2021, and Trend Micro filed its Complaint for the instant action on March 4, 2022. Therefore, the E.D. Tex. Action is the first-filed action.[1] As Trend Micro admits in its Complaint, the Eastern District of Texas first obtained possession of this dispute. Dkt. 1, ¶ 5; *Excentus Corp. v. Kroger Co.*, No. 3:10-CV-0483-B, 2010 WL 3606016, at *3 (N.D. Tex. Sept. 16, 2010) (the rule turns on which court "first obtains possession of the dispute, not the parties to the dispute."). Taasera is a party in both actions, and Trend Micro's first complaint for declaratory judgment included Trend Micro Japan, which is the defendant in the E.D. Tex. Action. Although Trend Micro later filed the instant case so that it could remove Trend Micro Japan as a plaintiff, "[c]omplete identity of parties is not required." *Save Power Ltd.*, 121 F.3d at 951. Trend Micro admits that it is a wholly owned subsidiary of Trend Micro Japan and that it directs and controls the United States sales activities of the Accused Products identified in the E.D. Tex. Action. "Th[e] lack of complete identity of the parties is not a bar to application of the first-to-file rule, so long as the issues in the two cases substantially overlap,

---

[1] Due to the extended time required for service of process through the Hague, the parties reached an agreement for service and Trend Micro Japan waived service of the summons on April 7, 2022. Ex. 3. Although Trend Micro Japan was served later, the time of filing of the complaints, not the time of service of the complaints on defendants, controls the determination of which suit is the first-filed suit. *See, e.g.*, *Tesco Corp., (US) v. Varco I/P, Inc.*, No. CIVA H-05-2118, 2006 WL 2022912, *3 (S.D. Tex. July 17, 2006) (ruling that patentee's first-filed but second served infringement complaint made the patentee's infringement action a first-filed action over the accused infringer's declaratory judgment action.)

as they do here." *Victaulic Co. v. Romar Supply, Inc.*, No. 3:13-CV-02760-K, 2013 WL 6027745, at *2 (N.D. Tex. Nov. 14, 2013).

There can be no dispute that this case and the E.D. Tex. Action involve substantially overlapping issues. Both this case and the E.D. Tex. Action center on infringement of the exact same Accused Products and the exact same Patents-in-Suit. Each of Trend Micro's claims for declaratory judgment of non-infringement in this case mirror the claims for infringement in the E.D. Tex. Action. Accordingly, the two cases substantially overlap, and the first-to-file rule applies. *Id.*, (holding that the cases substantially overlap and applying the first-to-file rule because "[w]hile the Georgia Case involves allegations of direct infringement and this case alleges induced infringement, at their core, both cases must decide if the Victaulic Patents were infringed by the SlideLok pipe coupling."). Allowing this case to move forward alongside the E.D. Tex. Action would result in duplicative judicial efforts and risk inconsistent results as both courts would be tasked with construing claims and issuing decisions regarding the same patents and the same products.

"In the Fifth Circuit, transferring the matter to the court in which the first-filed case is being adjudicated is the preferred action." *Id.* *3. Once the second-filed court determines the first-to-file rule applies, "the proper course of action [is] for the [second-filed] court to transfer the case" to the first-filed court. *Cadle*, 174 F.3d at 606. Because the two actions here "substantially overlap" and the E.D. Tex. Action is the first-filed action, this Court should refuse to hear this second-filed action and transfer it to the Eastern District. *Id.*

Although "compelling circumstances" can justify departure from application of the first-to-file rule, it is the first-filed court that decides whether such circumstances exist. *Cobb Inv. Co., Inc. v. Piccadilly Cafeterias, Inc.*, No. 00-91, 2000 WL 280021, at *3-4 (E.D. La. Mar. 14, 2000);

*Bank of Am. v. Berringer Harvard Lake Tahoe*, No. 13-CV-585-G, 2013 WL 2627085, at *3 (N.D. Tex. June 12, 2013) (citing cases). The second-filed court "may not consider whether [there] is an exception to the first-to-file rule or if some other factors make the [the second-filed venue] a more appropriate forum to try this case . . . it is for the first-filed court . . . to make that determination." *Id.*; *The Chamberlain Group, Inc. v. Overhead Door Corp., et al.*, Case No. 3:21-CV-00560-N, Dkt. 54, at 3-4 (N.D. Tex. Feb. 8, 2022). Accordingly, once this Court decides that there is substantial overlap here, its inquiry is at an end.

Nonetheless, there are no applicable exceptions to the first-to-file rule here. This is not a case where a declaratory judgment plaintiff anticipatorily filed first to secure a more favorable forum, as this declaratory judgement action was filed second. This is also not a case where the first-filed action is in a court of a foreign country, or where there is an applicable forum selection clause. Nor is this a situation where the convenience factors provide "compelling circumstances" that warrant a departure from the rule. *Cobb*, 2000 WL 280021, at *3. Indeed, the private and public factors favor the Eastern District. In addition to the facts that this case could have been brought in the Eastern District and that this case has complete overlap of issues with the first-filed E.D. Tex. Action, the ease of access to sources of proof and the cost of attendance for willing witnesses also favors the Eastern District. Specifically, Taasera's principal place of business is located in Marshall, Texas (Ex. 1, ¶ 1).

Accordingly, this case should be transferred to the Eastern District of Texas where the first-filed suit is pending, or in the alternative stayed until the Eastern District of Texas court decides whether this case should be dismissed, stayed, or transferred and consolidated. *Cadle*, 174 F.3d at 606.

### C. The Complaint Should Be Dismissed for Failure to State a Claim Under Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although a complaint need not contain detailed factual allegations, the 'showing' contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action." *Brown v. Texas A&M Univ. Sch. of L.*, No. 4:15-CV-613-A, 2016 WL 206465, at *1 (N.D. Tex. Jan. 14, 2016) citing *Twombly*, 550 U.S. at 555 & n.3. Thus, the "court need not credit bare legal conclusions that are unsupported by any factual underpinnings." *Id.*, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Here, Trend Micro's Complaint offers *no allegations of fact* in support of any of its nine claims of non-infringement. *See* Dkt. 1, ¶¶ 31-66. Plaintiff is apparently unaware of any facts that support its claims of non-infringement as it alleges only the following boilerplate language for each claim: "On information and belief, at least [the Accused Products] have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of the [Asserted Patents]." Dkt. 1, ¶¶ 33, 37, 41, 45, 49, 53, 57, 61, and 65; *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (granting motion to dismiss for failure to state a claim and stating that "it appears that plaintiffs themselves are as yet unaware of any facts that might support the claim of willfulness, as the Complaint alleges that '[u]pon information and belief,' defendants have willfully-infringed the '242 Patent.") Trend Micro's "complaint utterly fails to meet the standard for obtaining declaratory relief because it does not explain *how* its accused products avoid

infringement of the asserted patents." *Google LLC v. Sonos, Inc*., No. C 20-06754 WHA, 2020 WL 6822880, at *2 (N.D. Cal. Nov. 20, 2020).

This case is nearly identical to *Google LLC v. Sonos, Inc*. *Id*. There, the Northern District of California court held that plaintiff's declaratory judgment complaint for non-infringement of five patents failed to meet the minimal burden under Rule 8, *Twombly*, and *Iqbal*. The plaintiff's complaint "offer[ed] *no allegation of fact* in support of the claims of noninfringement" and "Five times, the complaint allege[ed] 'Google does not directly or indirectly infringe the [relevant] patent, either literally or under the doctrine of equivalents, at least because the Google Accused Products do not comprise [a word-for-word recitation of the claim language].'" *Id*. Similarly, here, Trend Micro alleges *no allegations of fact* and merely repeats the conclusory statement that "on information and belief" the Accused Products do not infringe the relevant patent. Dkt. 1, ¶¶ 33, 37, 41, 45, 49, 53, 57, 61, and 65.

Courts in other districts have consistently reached the same holding as *Google* on the same facts presented here. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc*., 319 F.R.D. 269, 273 (N.D. Cal. 2017) (dismissing non-infringement claim and noting "the amended complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing how each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent"); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *4 (D. Or. May 2, 2016) (dismissing non-infringement counterclaim when defendant only stated it had not infringed on the plaintiff's patent and failed to point to any specific facts in its incorporated 'facts' section); *Pilot Inc. v. NOCO Co.* , No. CV-20-01452-PHX-SRB, 2021 WL 2188525, *4 (D. Ariz. 2021) (ruling that the accused infringer must plead facts showing

that its arguments of non-infringement and invalidity are plausible, *i.e.*, the accused infringer is "required to plead its counterclaims in accordance with Rule 8, *Twombly*, and *Iqbal*" thus the "threadbare" allegations that defendant "has not infringed and does not infringe any valid and/or enforceable claim of the '653 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise" failed to state a claim); *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, No. 16-cv-13456, 2017 WL 4535290, *3-*5 (E.D. Mich. Oct. 11, 2017) (dismissing, with leave to amend, accused infringer's boiler plate declaratory judgment counterclaims of non-infringement and invalidity with no facts pled as to why the accused product did not infringe); *PetEdge, Inc. v. Marketfleet Sourcing, Inc.*, No. 16-12562-FDS, 2017 WL 2983086, *3 (D. Mass. July 12, 2017) (dismissing non-infringement declaratory judgment counterclaim since the accused infringer had failed to plead any specific facts for why its accused product did not infringe.)

Accordingly, the Court should dismiss Trend Micro's Complaint for failure to state a claim because Trend Micro has provided no allegations of fact for its nine claims of non-infringement.

## IV. CONCLUSION

For the reasons described herein, the Court should dismiss Trend Micro's Complaint for Declaratory Judgment for lack of subject matter jurisdiction or, in the alternative, under the first-to-file rule, transfer the case to the Eastern District of Texas or stay the case pending decision by that court on how this case should proceed. Additionally, this case should be dismissed for failure to state a claim under Rule 12(b)(6).

Dated: April 14, 2022

Respectfully Submitted,

*/s/ Jennnifer L. Truelove*
Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906

Email:jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR DEFENDANT TAASERA LICENSING LLC***

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on April 14, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel with be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Jennifer L. Truelove*
Jennifer L. Truelove